UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRECIOUS SHEPHARD, ET AL.** | **CIVIL ACTION NO: 22-CV-498** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **HOUMA TERREBONNE HOUSING AUTHORITY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a Motion for Preliminary Injunction filed by Plaintiffs Letrelle Ray, Latoya Shephard, Karen Washington, and Sheryl Wallis ("Plaintiffs").[1] R. Doc. 41. Defendant opposes the motion. R. Doc. 53. For the following reasons, Plaintiffs' motion is **DENIED**.

## BACKGROUND

Plaintiffs are tenants at the Senator Circle public housing complex ("Senator Circle") in Houma, Louisiana, which is operated by Defendant Houma Terrebonne Housing Authority ("Defendant"). R. Doc. 41-1 at 1. Prior to August 2021, Defendant submitted a Five-Year Capital Fund Program Action Plan (the "Five-Year Plan") to the United States Department of Housing and Urban Development ("HUD"). *Id.* at 11. The purpose of the Five-Year Plan was "renovation and modernization" of Senator Circle using funds from the Public Housing Capital Fund Program. HUD approved the Five-Year Plan on November 9, 2021. *Id.*

On August 29, 2021, Hurricane Ida made landfall in Louisiana, causing significant damage to portions of Senator Circle. *Id.* at 2. Following the storm, Defendant determined repairs could not be made until all residents moved out of their units. R. Doc. 41-6 at 3-4. Defendant announced

---

[1] Plaintiffs' briefing is unclear regarding whether this motion is brought on behalf of all Plaintiffs. At the hearing on this motion, however, it became clear the only Plaintiffs who are bringing this motion are those who are facing displacement from their FEMA trailers. Then-Plaintiff Derinesha Williams, who is also facing displacement from her FEMA trailer, originally joined in this motion, but has since dismissed her claims against Defendant. R. Doc. 71.

on several occasions the residents would need to move out before Defendant could make repairs to Senator Circle. Following these announcements, Plaintiffs relocated to temporary FEMA trailers that were made available as part of FEMA's emergency response to Hurricane Ida.[2] R. Doc. 41-1 at 6.

On February 25, 2022, Plaintiffs filed suit in this Court alleging four causes of action. R. Doc. 1. On March 16, 2023, Plaintiffs filed their Second Amended Complaint, adding a fifth cause of action which alleges that Defendant's failure to provide Plaintiffs relocation assistance violates the Uniform Relocation and Real Property Acquisition Act (the "URA") or, in the alternative, Section 18 of the United States Housing Act. R. Doc. 27. On July 13, 2023, Plaintiffs filed this Motion for Preliminary Injunction as to its fifth claim only, explaining the FEMA trailer program will end on August 29, 2023, after which Plaintiffs will be forced to vacate their FEMA trailers and will become homeless.[3] R. Doc. 41. On August 24, 2023, Plaintiffs filed a notice with the Court notifying it that the FEMA trailer program, previously set to expire on August 29, 2023, is being extended through February 29, 2024, and that means-based rent will also continue through February 29, 2024. R. Doc. 83.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 allows a federal court to issue a preliminary injunction if the moving party shows: (1) a substantial likelihood it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury absent an injunction; (3) its injury outweighs the threatened harm to the party it seeks to enjoin; and (4) a preliminary injunction will not disserve

---

[2] A number of Plaintiffs who are parties to this suit, but not to this motion, either remain in their Senator Circle units or found alternative housing.

[3] The Court held a hearing on Plaintiffs' motion on August 10, 2023, at which the Court granted the parties leave to file supplemental briefing. The parties timely filed their supplemental briefs on August 16, 2023. R. Docs. 74 and 75.

the public interest. *City of El Cenizo, Tex. v. Tex.*, 890 F.3d 164, 176 (5th Cir. 2018) (quoting *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)). "The plaintiff must carry the burden as to all four factors before a preliminary injunction may be considered." *Mayo Found. for Med. Educ. & Rsch. v. BP Am. Prod. Co.*, 447 F.Supp.3d 522, 528 (N.D. Tex. 2020) (citing *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013)).

A preliminary injunction is an extraordinary remedy "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion on all four requirements." *Black Fire Fighters Ass'n v. City of Dall.*, 905 F.2d 63, 75 (5th Cir. 1990) (internal citations and quotations omitted); *see also Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). While the decision to grant or deny a preliminary injunction is ultimately left to the district court's discretion, granting "a preliminary injunction is to be treated as the exception rather than the rule." *InPhaseMining.com, LLC v. PetaWatt Massena, LLC*, No. 22-CV-140, 2022 WL 1715210, at *2 (E.D. La. May 10, 2022) (citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984) and quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) (internal quotations omitted). This is especially true when the moving party seeks a mandatory preliminary injunction—that is, an injunction requiring the non-moving party to act. *Rush v. Nat'l Bd. of Med. Exam'rs*, 268 F.Supp.2d 673, 678 (N.D. Tex. 2003) ("Mandatory preliminary relief which goes well beyond simply maintaining the status quo *pendente lite* is particularly disfavored and should not be issued unless the facts and law clearly favor the moving party."). "Only in rare instances is the issuance of a mandatory preliminary injunction proper." *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979).

## ANALYSIS

Plaintiffs argue they have met each of the requirements necessary for a preliminary injunction. First, Plaintiffs argue the text of the URA requires relocation assistance and benefits for displaced persons, and Defendant's failure to provide such assistance and benefits was arbitrary and capricious and contrary to law in violation of the Louisiana Administrative Procedure Act. Second, Plaintiffs argue the FEMA trailer program is quickly approaching its expiration date, and without this assistance, Plaintiffs will become homeless.[4] Third, Plaintiffs contend the equities strongly favor Plaintiffs who, without a preliminary injunction, will "lose their subsidized FEMA housing and become homeless before this Court can grant relief on the merits." R. Doc. 41-1 at 23. Finally, Plaintiffs argue an injunction protecting indigent families from facing homelessness is not a disservice to the public interest.

In its opposition, Defendant does not contest Plaintiffs' claims that they will suffer irreparable harm absent an injunction, that the equities favor Plaintiffs, or that an injunction would not disserve the public interest. Instead, Defendant argues only that Plaintiffs will not prevail on the merits of their claim. Defendant specifically argues Senator Circle was not rehabilitated or demolished under a program undertaken with federal financial assistance and, thus, the URA does not apply. Defendant argues even if the URA does apply, there was no comparable housing Defendant could provide Plaintiffs. The housing option that was available, Defendant argues, was made available to Plaintiffs through housing vouchers provided under the Housing Choice Voucher Program. Defendant also argues it could not provide relocation benefits or comparable housing because it is precluded from using Capital Fund Emergency or Natural Disaster Grants for costs related to Presidentially Declared Disasters, (which Hurricane Ida was) and because

---

[4] Originally, Plaintiffs explained the FEMA program would end on August 29, 2023. As explained above, Plaintiffs subsequently notified the Court the program has been extended through February 29, 2024. R. Doc. 83.

FEMA is the agency responsible for mitigating damage caused by Presidentially Declared Disasters.[5]

  I.     Whether There Is a Substantial Likelihood Plaintiffs Will Prevail on the Merits

The first prong of the preliminary injunction analysis requires Plaintiffs, as the moving party, to show there is a substantial likelihood they will prevail on the merits of their claim. Plaintiffs brings a total of five causes of action, but they seek a preliminary injunction only on their fifth cause of action, which alleges Defendant acted arbitrarily and capriciously and contrary to law by failing to comply with tenant relocation requirements under the URA.[6]

Under certain circumstances, the URA requires an agency to provide certain support and benefits to a "displaced person." 42 U.S.C. § 4624. A displaced person under the URA is a person who moves from real property "as a direct result of rehabilitation, demolition, or such other displacing activity . . . under a program or project undertaken by a Federal agency or with Federal financial assistance in any case in which the head of the displacing agency determines that such displacement is permanent." 42 U.S.C. § 4601(6)(A)(i)-(ii). Specifically, displaced persons are entitled to payment consisting of "the amount necessary to enable such person to lease or rent for a period not to exceed 42 months, a comparable replacement dwelling, but not to exceed $7,200." 42 U.S.C. § 4624(a).

---

[5] Plaintiffs, in their reply brief, argue the Court should disregard Defendant's opposition brief as untimely. Counsel for Defendant explained in an unrelated motion that during the briefing period on this motion, counsel had COVID-19 and was unable to meet many deadlines in this case because of his illness. The Court, therefore, exercises its discretion and will consider Defendant's opposition. Notably, even if the Court were to decline to consider Defendant's opposition, it would reach the same decision it reaches based on the arguments of both counsel at the hearing on the instant motion and the supplemental briefing the Court granted leave for during the hearing on this motion.

[6] Plaintiffs' cause of action also alleges this failure is a violation of Section 18 of the United States Housing Act. In their motion, Plaintiffs note that for the purposes of the instant motion, "Plaintiffs will be arguing relief under the URA exclusively, not Section 18 of the United States Housing Act." R. Doc. 41-1 at 15 n.8. The Court, therefore, does not address Plaintiffs' arguments related to Section 18 of the United States Housing Act.

The Court, therefore, first considers whether Plaintiffs are "displaced persons" under the URA.  It is undisputed that Plaintiffs were required to move from their units at Senator Circle as a direct result of rehabilitation.  What is disputed, however, is whether Plaintiffs were required to move from their units due to damage from Hurricane Ida or due to planned renovations under the Five-Year Plan.  Defendant contends that the projects under the Five-Year Plan would not have displaced Plaintiffs and that they were not told they needed to move because of these projects, but because of the damage resulting from Hurricane Ida.  If Plaintiffs were required to move due to damage from Hurricane Ida, they do not meet the definition of "displaced persons" under the URA.  If, however, they were forced to move because of improvements under the Five-Year Plan, they constitute "displaced persons" and are entitled to benefits under the URA.

Plaintiffs have certainly offered substantiating evidence that they were told they needed to vacate their units.  At two board meetings, Ms. Nikita Gilton ("Ms. Gilton"), the Executive Director of the Houma Terrebonne Housing Authority, stated renovations and demolitions could not occur until the residents moved out.  R. Doc. 41-7 at 1; R. Doc. 41-8 at 1-2.  Ms. Gilton also communicated to Plaintiffs Glenn Picou, Precious Shephard, Latoya Shephard, and Lertrelle Ray that Defendant could not fix the Senator Circle units until they moved out.  R. Doc. 41-7 at 3; R. Doc. 41-21; R. Doc. 41-20.  Defendant also posted notices on its Facebook page, website, and to the doors of Senator Circle residents' units notifying the residents that Senator Circle was uninhabitable.  R. Doc. 41-16 at 1-2.  This evidence, however, merely shows that Plaintiffs were told they had to vacate Senator Circle.  It does not show they were instructed to vacate their units due to renovations under the Five-Year Plan or for any reason unrelated to the damage inflicted by Hurricane Ida.  In fact, Ms. Gilton testified in her deposition that when she spoke with Ms. Shephard, she explained the units in Senator Circle needed to be repaired because "all the buildings

in Senator Circle were damaged." R. Doc. 41-7 at 3. Without some indication that it was the Five-Year Plan that caused Plaintiffs to move, not damage from Hurricane Ida, the Court cannot find Plaintiffs are displaced persons entitled to benefits under the URA.

This, of course, is not to say that Plaintiffs' motion fails to show any possibility that Plaintiffs are displaced persons under the URA and are entitled to URA benefits, or that they will be unable to prove this status under a less stringent standard. The standard under which the Court is required to review the instant motion for mandatory preliminary injunction is not a lenient one and, as noted above, requires that the facts and law "*clearly favor* the moving party." *Rush*, 268 F.Supp.2d at 678 (emphasis added). Therefore, the Court, while mindful of the severity of Plaintiffs' circumstances, does not find they have met this heavy burden to show there is a substantial likelihood of success on the merits.

II.     Whether Plaintiffs Will Face Irreparable Harm Absent an Injunction

The second requirement for a preliminary injunction requires Plaintiffs to show they will suffer an irreparable injury absent an injunction. To show irreparable injury, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365 (2008)) (internal quotations omitted). In general, a harm is irreparable for purposes of a preliminary injunction if there is no adequate remedy at law, such as an award of monetary damages. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). A party seeking a preliminary injunction need not "demonstrate that harm is inevitable and irreparable." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986) (internal citations omitted). Rather, the moving party must show only "that the injury is imminent, and that money damages would not fully repair the harm." *Id.* (internal citations omitted).

The Court does not find Plaintiffs will suffer irreparable injury absent an injunction. Plaintiffs correctly point out that many courts have previously found impending homelessness constitutes irreparable injury. R. Doc. 41-1 at 14 (collecting cases). In this case, however, Plaintiffs risk of homelessness is no longer imminent or impending, at least for purposes of a preliminary injunction. When Plaintiffs filed their motion for preliminary injunction on July 3, 2023, the FEMA program was set to expire on August 29, 2023, and if that expiration date had remained in force, they very likely would have met their threshold for establishing irreparable harm. As of August 24, 2023, however, FEMA has extended the temporary trailer program through February 29, 2024, providing Plaintiffs six additional months of FEMA trailer housing. Given the extension, there is no reason to believe, at this juncture, Plaintiffs will face homelessness before the Court can rule on the merits of Plaintiffs' claims.[7] *Miss. Power*, 760 F.2d at 629 ("[T]he single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm *before a decision on the merits can be rendered*.") (Garwood, J., dissenting) (citing 11 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2948) (emphasis added). Accordingly, Plaintiffs have not shown the harm they would face absent an injunction is imminent and, thus, the Court does not find Plaintiffs will suffer irreparable harm without an injunction.

III.   *Remaining Factors*

To be entitled to a preliminary injunction, Plaintiffs must prevail on each of the elements, and therefore, a failure to show either likelihood of success on the merits or irreparable harm is sufficient to warrant denial of a motion for preliminary injunction. *Doherty v. Nat'l Bd. of Med.*

---

[7] The Court recently continued the trial in this matter. As communicated in the August 24, 2023 status conference with the parties, however, the Court does not anticipate a lengthy continuance and, thus, there is no reason to believe the continuance will affect the feasibility of a decision on the merits of Plaintiffs' claim before the FEMA trailer program ends on February 29, 2024.

*Exam'rs*, 791 F. App'x 462, 463 (5th Cir. 2019) (quoting *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012)) (internal quotations omitted) ("[A]bsence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law."); *Mungia v. Judson Indep. Sch. Dist.*, No. 09-CV-395, 2009 WL 3431397, at *2 (W.D. Tex. Oct. 19, 2009) ("[Plaintiff], having failed to show an irreparable harm, cannot succeed on his motion for a preliminary injunction.").  Because Plaintiffs' failure to establish the first two elements required for a preliminary injunction is fatal to their motion, the Court declines to address the final two elements.

## CONCLUSION

Accordingly, **IT IS ORDERED** Plaintiffs' Motion for Preliminary Injunction (Record Document 41) is **DENIED**.

New Orleans, Louisiana, this 28th day of August 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**