UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PRECIOUS SHEPHARD, ET AL.**　　　　　　**CIVIL ACTION NO: 22-CV-498**

**VERSUS**　　　　　　**JUDGE DARREL JAMES PAPILLION**

**HOUMA TERREBONNE**　　　　　　**MAGISTRATE JUDGE KAREN**
**HOUSING AUTHORITY**　　　　　　**WELLS ROBY**

## ORDER AND REASONS

Before the Court is a Motion to Amend/Correct Scheduling Order filed by Defendant Houma Terrebonne Housing Authority ("Defendant"). R. Doc. 44. Plaintiffs Precious Shephard, Karen Washington, Sheryl Wallis, Glenn Picou, Latoya Shephard, Patricia Howard, Effie Wallis, Lertrelle Ray, and Senator Circle Resident Council ("Plaintiffs") oppose Defendant's motion.[1] R. Doc. 48. For the reasons assigned below, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiffs are tenants at the Senator Circle public housing complex ("Senator Circle") in Houma, Louisiana, which is operated by Defendant. R. Doc. 41-1 at 1. On August 29, 2021, Hurricane Ida made landfall in Louisiana, causing significant damage to portions of Senator Circle, and Defendant determined repairs could not be made until all residents moved out of their units. *Id.* at 2; R. Doc. 41-6 at 3-4. On February 25, 2022, Plaintiffs filed suit in this Court alleging Defendant's response to Hurricane Ida violated federal housing laws.

During the pendency of this lawsuit, the Court issued a Scheduling Order requiring all depositions and discovery be completed no later than June 17, 2023; all non-evidentiary motions be filed no later than July 3, 2023; and setting trial for September 5, 2023. R. Doc. 19. On June 7, 2023, Defendant filed, with Plaintiffs' consent, a Motion for Extension of Deposition and

---

[1] Additional Plaintiffs originally joined in this motion, but have since dismissed their claims against Defendant. R. Doc. 70.

Discovery Deadlines through July 7, 2023, which the Court granted. R. Docs. 35 and 37. On July 5, 2023, after the deadline for non-evidentiary pretrial motions had lapsed, Defendant filed the instant Motion to Amend/Correct Scheduling Order, asking the Court to extend the parties' July 3, 2023 non-evidentiary motion deadline by three weeks. R. Doc. 44.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Oglesby v. Masse Contracting, Inc.*, No. 19-CV-2360, 2020 WL 3063849, at *1 (E.D. La. June 9, 2020). In determining whether the movant has met its burden, the court must examine four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

## ANALYSIS

After careful analysis of the factors outlined by the Fifth Circuit, the Court finds Defendant, unfortunately, falls short of its burden to show good cause exists to modify the scheduling order. Turning to the first factor, the explanation for failing to meet the deadline, the Court finds Defendant has not offered a legally or factually sufficient explanation for its failure to comply with the non-evidentiary motion deadline. In its motion, Defendant notes the extension of the deposition and discovery deadline and explains due to the extension, the deposition and discovery deadline now falls after the non-evidentiary motion deadline. Defendant further explains it

propounded discovery on Plaintiffs which was due two days after the non-evidentiary motion deadline, and that the information sought is necessary to file Defendant's motion for summary judgment. Defendant acknowledges this discrepancy was caused by the extension of the deposition and discovery deadline, and argues "[i]n consenting to the extension, the dates for non-evidentiary motions were not discussed or considered." R. Doc. 44-1. Upon filing its motion for extension to allow for the discovery it contends was needed for its motion for summary judgment, the onus to extend the deadline for non-evidentiary motions fell on Defendant. As Defendant correctly points out, a showing of good cause under Rule 16 "requires the party seeking relief to show that, despite its exercise of diligence, it [could not] reasonably meet the scheduling deadlines." *Id.* at 2 (citing *S&W Enters.*, 315 F.3d at 535). Defendant's motion, regrettably, shows only that it failed to meet the applicable standard by not considering how the extension of the deposition and discovery deadline would affect other related deadlines.[2] Accordingly, Defendant fails to show good cause exists for modifying the scheduling order.

Regarding the second factor, Defendant states the then-outstanding discovery responses "are necessary to prepare [Defendant's] motion for summary judgment," but does not detail with the required specificity on what responses Defendant's non-evidentiary motions hinge or how those responses are necessary for its motion. Coupled with the fatal late-filing, this factor weighs against amending the scheduling order.

The final two factors—prejudice to Plaintiffs and the availability of a continuance to cure such prejudice—arguably weigh in favor of modification given the Court's August 21, 2023 Order continuing trial in this matter. Unfortunately, the first two factors weigh heavily against Defendant, most notably the late filing, and "the lack of explanation for the delay, which is the

---

[2] The instant motion to extend the non-evidentiary deadline beyond July 3, 2023, was filed on July 5, 2023. Defendant does not offer any explanation as to why its motion was filed after the deadline it seeks to extend had already lapsed.

3

most important factor." *Elvir v. Trinity Marine Prods., Inc.*, 327 F.R.D. 532, 550 (M.D. La. 2018) (citing *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 15-CV-1455, 2017 WL 119633 (E.D. Tex. Jan. 12, 2017)).  For all of these reasons, the Court finds the factors, as a whole, weigh in favor of denying Defendant's motion to amend the scheduling order.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Defendant's Motion to Amend/Correct Scheduling Order (Record Document 44) is **DENIED**.

New Orleans, Louisiana this 3rd day of October 2023.

                                               **DARREL JAMES PAPILLION**
                                               **UNITED STATES DISTRICT JUDGE**