UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PRECIOUS SHEPHARD, ET AL.**          **CIVIL ACTION NO: 22-CV-498**

**VERSUS**                              **JUDGE DARREL JAMES PAPILLION**

**HOUMA TERREBONNE**                    **MAGISTRATE JUDGE KAREN**
**HOUSING AUTHORITY**                   **WELLS ROBY**

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiffs Patricia Howard, Lertrelle Ray, Senator Circle Resident Council, Latoya Shephard, Precious Shephard, Effie Wallis, Sheryl Wallis, and Karen Washington ("Plaintiffs").[1] R. Doc. 42. Defendant Houma Terrebonne Housing Authority ("Defendant") opposes the motion. R. Doc. 67. For the reasons assigned below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

Plaintiffs are tenants at the Senator Circle public housing complex ("Senator Circle") in Houma, Louisiana. R. Doc. 1 at 1. Senator Circle is operated by Defendant, which is a public housing authority. *Id.* On August 29, 2021, Hurricane Ida made landfall in southeast Louisiana and caused significant damage to portions of Senator Circle. *Id.* at 8. Following the storm, Plaintiffs' units at Senator Circle "had health and safety threatening defects," and Defendant instructed Plaintiffs to move out of their units to allow for repairs. R. Doc. 42-1 at 7.

On February 25, 2022, Plaintiffs filed suit in this Court alleging four causes of action. R. Doc. 1. On July 3, 2023, Plaintiffs filed the instant Motion for Partial Summary Judgment as to their fourth cause of action, which alleges "Plaintiffs are entitled to a rent abatement under their

---

[1] Additional Plaintiffs originally joined in this motion but have since either dismissed their claims against Defendant or died.

lease agreement and federal regulations due to [Defendant's] failure to make repairs in a reasonable time."[2]  R. Doc. 1 at 39.

## LEGAL STANDARD

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*  In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."  *Total E&P USA, Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).  The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting FED. R. CIV. P. 56(c)).  Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate.  *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

## ANALYSIS

The United States Housing Act of 1937 was enacted to, among other things, "promote the goal of providing decent and affordable housing for all private citizens, organizations, and the

---

[2] On May 9, 2022, Plaintiffs filed an Amended Complaint alleging a fifth cause of action, and the instant motion originally sought summary judgment as to that cause of action as well.  R. Doc. 8.  Thereafter, Plaintiffs filed a motion to withdraw the instant motion for summary judgment as to the fifth cause of action, and the Court granted Plaintiffs' motion on September 18, 2023.  R. Docs. 88 and 89.

private sector." 42 U.S.C. § 1437(a)(4).  To further this goal, the Secretary of the Department of Housing and Urban Development must "establish housing quality standards . . . that ensure that public housing dwelling units are safe and habitable." 42 U.S.C. § 1437d(f)(2).  One of these quality standards provides that if a public housing authority unit "is damaged to the extent that conditions are created which are hazardous to life, health, or safety of the occupants[:]"

> (1) The tenant shall immediately notify project management of the damage;
> (2) The [public housing authority] shall be responsible for repair of the unit within a reasonable time:  *Provided*, That if the damage was caused by the tenant, tenant's household or guests, the reasonable cost of the repairs shall be charged to the tenant;
> (3) *The [public housing authority] shall offer standard alternative accommodations, if available*, where necessary repairs cannot be made within a reasonable time; and
> (4) *Provisions shall be made for abatement of rent in proportion to the seriousness of the damage and loss in value as a dwelling if repairs are not made in accordance with paragraph (h)(2) of this section or alternative accommodations not provided in accordance with paragraph (h)(3) of this section*, except that no abatement of rent shall occur if the tenant rejects the alternative accommodation or if the damage was caused by the tenant, tenant's household or guests.

24 C.F.R. § 966.4(h) (emphasis added).

Plaintiffs argue they are entitled to rent abatements under Subsection (h)(4) due to Defendant's failure to comply with Subsection (h)(3)'s requirement that Defendant offer Plaintiffs standard alternative accommodations.  Plaintiffs note Defendant provided them with Section 8 Housing Choice Vouchers (the "Vouchers") following Hurricane Ida but argue this did not constitute "standard alternative accommodations" because the Vouchers were "limited to units that will voluntarily participate in the voucher program, accept the rent offered by the voucher administrator, and pass inspection." R. Doc. 42-1 at 10.  Essentially, Plaintiffs argue "the [V]ouchers were not 'available' alternative housing within the meaning of [Subsection (h)(3)]." *Id.* at 9.

3

In response,³ Defendant insists the Vouchers constituted standard alternative accommodations. Defendant acknowledges the Vouchers may have been difficult to use in Houma due to the destruction of much of the housing in the area following Hurricane Ida. Defendant argues that nevertheless, the Vouchers were eligible for use anywhere in the United States, and Plaintiffs' refusal to search for housing outside of Houma constituted rejection of the standard alternative accommodation. Defendant insists this rejection stripped Plaintiffs of their right to standard alternative accommodation under Subsection (h)(4).

Before the Court reaches the question of whether the Vouchers constituted standard alternative accommodations and if so, whether Plaintiffs rejected the Vouchers, the Court must determine whether Defendant had any obligation to provide alternative accommodation. After careful review of Subsections (h)(3) and (h)(4), as well as the limited case law interpreting these provisions, the Court finds Defendant's obligation to provide alternative accommodation under Subsection (h)(3) was never triggered.

Public housing authorities' obligation to provide standard alternative accommodations is outlined in 24 C.F.R. § 966.4(h)(3). Under Subsection (h)(3), if a public housing authority unit is hazardous to life, health, or safety, the public housing authority "shall offer standard alternative accommodations, *if available*, where necessary repairs cannot be made within a reasonable time." § 966.4(h)(3) (emphasis added). Plaintiffs insist the qualifier "if available" requires Defendant to provide standard alternative accommodations *that are available*, and then argue because the Vouchers did not provide available housing, Plaintiffs are entitled to rent abatement. This is a misreading of Subsection (h)(3). The "if available" qualifier in Subsection (h)(3) modifies the clause "[t]he [public housing authority] shall offer standard alternative accommodations." §

---

³ Plaintiffs correctly point out that Defendant's opposition brief is untimely under Local Rule 7.5. The Court will nevertheless exercise its discretion and consider Defendant's opposition brief.

966.4(h)(3). The structure of the sentence therefore requires public housing authorities to provide alternative accommodations *only if* such accommodations are available. As Plaintiffs point out, there is minimal case law discussing Subsections (h)(3) and (h)(4). The Court is aware of at least one somewhat analogous decision arising out of a public housing authority's failure to provide standard alternative housing in the aftermath of damage to a public housing tenant's unit caused by a disaster. In *Vann v. Chester Housing Authority*, the Eastern District of Pennsylvania considered whether to preliminarily enjoin the Chester Housing Authority from refusing to provide plaintiffs with standard alternative accommodations while their unit was being repaired after it was severely damaged by a fire. No. 86-CV-519, 1986 WL 3053 (E.D. Pa. Mar. 7, 1986). The Court in *Vann* found the plaintiffs were entitled to a preliminary injunction, and ordered the Chester Housing Authority to begin and continue repairs on plaintiffs' unit until completed, but even though the Chester Housing Authority owned and operated vacant public housing units, and there was "no proof that one of these units could not be made available to house plaintiffs," the Court ordered the *Vann* plaintiffs were to be placed on a waiting list for available housing "in accordance with the usual procedures for assigning units to those on the list." *Id.* at *1-2. *Vann* demonstrates the challenge to courts and to public housing authorities when facing difficult cases like the one at hand, but this Court reads Subsection (h)(3)'s "if available" language to require standard alternative accommodations to actually be *available* before a public housing authority's obligation to provide standard alternative accommodations is triggered. Plaintiffs do not offer any evidence to show standard alternative accommodations were available and, in fact, argue such accommodations were *not* available. Plaintiffs have failed to meet their burden to show the

5

absence of a genuine issue of fact and, therefore, cannot prevail on this motion for summary judgment.[4]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Plaintiffs' Motion for Partial Summary Judgment (Record Document 42) is **DENIED**.

New Orleans, Louisiana, this 3rd day of January 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[4] Because Plaintiffs have failed to show Defendant's obligations under Subsection (h)(3) were triggered, the Court declines to consider whether the Vouchers constituted standard alternative housing and if so, whether Plaintiffs rejected the housing.